FILED
July 27, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ___JG___
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

Case No: EP:22-CR-01251-DB

| | |
|---|---|
| THE UNITED STATES OF AMERICA, § § Plaintiff, § § v. § § ▓▓▓▓▓▓▓▓▓▓▓▓▓ § § (3) JOSHUA LEE RUTH, § § Defendants. § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **SEALED** <br><br> **I N D I C T M E N T** <br><br> **CT 1:** 18 U.S.C. § 922(a)(1)(A)—Dealing/Manufacturing Firearms Without a License <br><br> **CT 2:** 18 U.S.C. § 924(n)—Interstate Travel to Commit 18 U.S.C. § 922(a)(1)(A) <br><br> **CT 3:** 18 U.S.C. § 922(a)(4)—Interstate Transport of Machinegun or Short-Barreled Rifle by Unlicensed Person <br><br> **CT 4:** 18 U.S.C. § 922(o)—Possession of a Machinegun <br><br> **CT 5:** 26 U.S.C. § 5861(a)—Engage in the Business as a Manufacturer/Dealer of NFA Firearms Without Special Occupational Tax <br><br> **CT 6:** 26 U.S.C. § 5861(i)—Receive or Possess a Firearm Which is not Identified by a Serial Number as Required by NFA <br><br> **CT 7:** 26 U.S.C. § 5861(j)—Transport, Deliver, or Receive any Firearm in Interstate Commerce Which has not Been Registered as Required by NFA <br><br> **Notice of Government's Demand for Forfeiture** |

THE GRAND JURY CHARGES:

## COUNT ONE
(18 U.S.C. § 922(a)(1)(A))

Beginning on or about June 13, 2021, and continuing through and including on or about November 16, 2021, in the Western District of Texas, the District of New Mexico, and elsewhere, Defendants:

**(3) JOSHUA LEE RUTH,**

not being licensed dealers, importers, or manufacturers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing, importing, or manufacturing firearms, all in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNT TWO
(18 U.S.C. § 924(n))

On or about October 7, 2021, in the Western District of Texas, the District of New Mexico, and elsewhere, Defendants:



with the intent to engage in conduct that constitutes a violation of Title 18, Section 922(a)(1)(A), traveled from Texas to New Mexico to acquire a firearm in furtherance of such purpose, all in violation of Title 18 United States Code, Section 924(n).

## COUNT THREE
(18 U.S.C. § 922(a)(4))

On or about October 7, 2021, in the Western District of Texas, and the District of New Mexico, Defendants:

██████████████

not being a licensed dealer, importer, manufacturer, and collector of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly transported in interstate commerce from New Mexico to Texas, a machinegun, as defined in Title 26, United States Code, Section 5845(b), that is a privately manufactured firearm which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot without manual reloading by a single function of trigger, without the specific authorization of the Attorney General, all in violation of Title 18, United States Code, Sections 922(a)(4) and 924(a)(1)(B).

## COUNT FOUR
(18 U.S.C. § 922(o))

On or about November 16, 2021, in the Western District of Texas, Defendants:

██████████████

**(3) JOSHUA LEE RUTH**

did knowingly possess/transfer a machinegun, as defined in Title 26 United States Code, Section 5845(b), that is a privately manufactured firearm which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot without manual reloading by a single function of trigger, all in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT FIVE
(26 U.S.C. § 5861(a))

Beginning on or about June 13, 2021, and continuing through and including on or about November 16, 2021, in the Western District of Texas, the District of New Mexico, Defendants:

**(3) JOSHUA LEE RUTH**

knowingly engaged in the business of manufacturing and dealing in firearms, namely: short-barreled rifles as defined in Title 26, United States Code, Section 5845(a) and Title 18, United States Code, Section 921(a)(8), Any Other Weapons as defined in Title 26, United States Code, Section 5845(e), and machineguns as defined in Title 26, United States Code, Section 5845(b), without having paid the special occupation tax required by Title 26, United States Code, Section 5801, and without having registered as required by Title 26, United States Code, Section 5802, all in violation of Title 26, United States Code, Sections 5861(a) and 5871.

## COUNT SIX
(26 U.S.C. § 5861(i))

On or about November 16, 2021, in the Western District of Texas, Defendants:

**(3) JOSHUA LEE RUTH,**

knowingly received and possessed firearm(s), to wit: fourteen (14) privately manufactured machineguns as defined in Title 26 United States Code, Section 5845(b), that is a privately manufactured firearm which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot without manual reloading by a single function of trigger, not identified by a serial number as required by Chapter 53, of Title 26, all in violation of Title 26, United States Code, Sections 5861(i) and 5871. .

## COUNT SEVEN
(26 U.S.C. § 5861(j))

On or about November 16, 2021, in the Western District of Texas, and the District of New Mexico, Defendants:

████████████████

**(3) JOSHUA LEE RUTH**

knowingly transported, delivered, and received, from New Mexico to Texas, in interstate commerce, firearms, to wit: fourteen (14), privately manufactured machineguns with no make, model, manufacturer, or serial number, not registered as required by Chapter 53, Title 26, all in violation of Title 26, United States Code, Section 5841, 5861(j), and 5871.

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

**I.**
**Firearm Violation and Forfeiture Statutes**
[Title 18 U.S.C. §§ 922(a)(1)(A), 922(a)(4), 922(a)(1)(A), 922(o), 923(a), 924(n), 924(a)(1)(D), 924(a)(1)(B), and 924(a)(2), subject to forfeiture pursuant to Title 18 § 981(a)(1)(C) and Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Counts One through Four, the United States of America gives notice to Defendants ████████████████ ████████████████ **JOSHUA LEE RUTH** of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2, Title 981(a)(1)(C) and Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> (a)(1) The following property is subject to forfeiture to the United States:
> * * *
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Title 18 U.S.C. § 924.
* * *
**(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(*l*), or knowing violation of section 924, shall be subject to seizure and forfeiture under the provisions of this chapter. . .

## II.

### Possession of an Unregistered Firearm Violation and Forfeiture Statutes
**(Title 26 U.S.C. §§ 5861(a), 5861(i) and 5861(j), subject to forfeiture pursuant to Title 49 U.S.C. § 80303 and Title 26 U.S.C. § 5872, as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c))**

As a result of the foregoing criminal violations set forth in Counts Five through Seven, the United States of America gives notice to Defendants ▮▮▮▮▮ **JOSHUA LEE RUTH** of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2, Title 49 U.S.C. § 80303 and Title 26 U.S.C. § 5872, made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461(c), which state:

**Title 49 U.S.C. § 80303.      Seizure and forfeiture**

The Secretary of the Treasury or the Governor of Guam or of the  Northern Mariana Islands as provided in section 80304 of this title, or, when the violation of this chapter involves contraband described in paragraph (2) or (5) of section 80302(a), the Attorney General or a person authorized by another law to enforce section 80302 of this title, shall seize an aircraft, vehicle, or vessel involved in a violation of section 80302 and place it in the custody of a person designated by the Secretary, the Attorney General, or appropriate Governor, as the case may be. The seized aircraft, vehicle, or vessel shall be forfeited, except when the owner establishes that a person except the owner committed the violation when the aircraft, vehicle, or vessel was in the possession of a person who got possession by violating a criminal law of the United States or a State. However, an aircraft, vehicle, or vessel used by a common carrier to provide transportation for compensation may be forfeited only when--
**(1)** the owner, conductor, driver, pilot, or other individual in charge of the aircraft      or vehicle (except a rail car or engine) consents to, or knows of, the    alleged violation when the violation occurs;
**(2)** the owner of the rail car or engine consents to, or knows of, the alleged violation when the violation occurs; or
**(3)** the master or owner of the vessel consents to, or knows of, the alleged  violation when the violation occurs.

Title 26 U.S.C. § 5872(a). Forfeitures

> **(a) Laws Applicable.**—Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture, and (except as provided in subsection (b)) all the provisions of internal revenue law relating to searches, seizures, and forfeitures of unstamped articles are extended to and made to apply to the articles taxed under this chapter, and the persons to whom this chapter applies.

This Notice of Demand for Forfeiture includes but is not limited to the properties described below in Paragraphs III and IV.

### III.
### Properties

1. Fourteen (14) Machine Guns, CAL: 223, manufacturer unknown; and
2. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offense.

### IV.
### Money Judgment

**Money Judgment**: A sum of money representing the amount of proceeds obtained directly or indirectly as a result of the violation set forth in Count Two of the Indictment for which Defendants ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ are individually liable.

### Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

███████████████████████

FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____/s/_____
Assistant United States Attorney